RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/23/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH E. HOWARD | DOCKET NO: 12-CV-452; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| RIVER CORRECTIONAL CENTER | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. §1983) of Plaintiff Joseph E. Howard, filed *in forma pauperis*. Plaintiff is incarcerated at the Elayn Hunt Correctional Center St. Gabriel, Louisiana. He complains of the loss of personal property at River Correctional Center in Ferriday, Louisiana, which allegedly resulted in the denial of access to the courts. Plaintiff seeks compensatory damages.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

### *Factual Allegations*

Plaintiff alleges that when he was released from lockdown at River Correctional Center, certain items of personal property were missing and/or had been thrown away, including Plaintiff's "legal work", Bibles, and photographs.

### *Law and Analysis*

1. **Access to Courts**

Under the Supreme Court's decision in <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of

access to courts, including having the "ability ... to prepare and transmit a necessary legal document to court." Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996)(quoting Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993), cert. denied, 510 U.S. 1123 (1994)). The right of access to the courts is limited to allowing prisoners the opportunity to file *non-frivolous* claims challenging their convictions or conditions of confinement. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). Interference with a prisoner's right to access to the courts may result in a constitutional deprivation. Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999)(citations omitted). However, "[a] denial of access to the courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied*, 504 U.S. 988 (1992)(citing Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988)). It is only when a prisoner suffers some sort of actual prejudice or detriment because of the alleged denial of access to the courts that the allegation becomes one of a constitutional nature. Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).

Plaintiff contends that his criminal conviction would have been overturned had his legal work been returned to him upon his release from "lockdown." [Doc. #9] Plaintiff has not presented a single factual allegation to support this conclusion. There are no

2

facts in Plaintiff's complaint or amended complaint to support Plaintiff's conclusion that his criminal conviction would have been reversed had he possessed the missing documents.[1] He has not alleged facts as to how his position as a litigant was actually prejudiced.

2. **Due Process**

Plaintiff also seeks damages because a defendant threw away his papers and Bibles. The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of ... property, without due process of law." U.S. Constitution, Amendment XIV. However, under the Parratt/Hudson doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 544 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). Even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. Hudson v. Palmer, 468 U.S. 517 (1984). Louisiana law provides Plaintiff the opportunity to seek redress for either the negligence of prison

---

[1] It appears that Plaintiff did not appeal his conviction or sentence. He filed two applications for post conviction relief, which were denied: State ex rel. Joseph E. Howard v. State, 930 So.2d 18, 2005-2535 (La. 5/26/06); State ex rel. Joseph E. Howard v. State, 67 So.3d 1258, 2010-1755 (La. 8/19/11)(Denied - La. C.Cr.P. art. 930.8 & State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d (La. 8/19/11)) .

3

officials or an intentional tort committed by employees of the prison facility. La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. See Charbonnet v. Lee, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205 (1992). Plaintiff's claim regarding lost property is clearly barred by the *Parratt/Hudson* doctrine.

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED with prejudice** as frivolous and for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

## *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

**CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 23rd day of April, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE